## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ARTHUR J. EMANUELLE, III § | |
| § | |
| v.   § | Case No. 2:13-CV-703-JRG-RSP |
| § | |
| MILLERCOORS, LLC, et al. § | |

### MEMORANDUM ORDER

Before the Court is Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 15, filed October 15, 2014.)

### APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative

difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

### A.   Proper Venue

The District of Colorado and the Eastern District of Texas are proper venues.

**B.      Private Interest Factors**

      **1.      Relative Ease of Access to Sources of Proof**

Defendants identify possible sources of proof in the District of Colorado. Plaintiff does not provide the Court with sufficient evidence to evaluate the convenience of this District, thus this factor weighs in favor of transfer to the District of Colorado.

      **2.      Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

Defendant Ball, in the affidavit it provides from Mr. Greg E. Robinson, identifies numerous specific party witnesses in the District of Colorado. Plaintiff does not provide the Court with sufficient evidence to evaluate the convenience of this District, thus this factor weighs in favor of transfer to the District of Colorado.

      **3.      Availability of Compulsory Process to Secure the Attendance of Witnesses**

Plaintiff stipulates that that there is an unnamed witness in Texas—within the trial subpoena power of this Court—but Plaintiff makes no statement as to whether or not this witness

- 3 -

is a party witness. Defendants argue, pointing to search results from Excite.com, that there is an individual who is possibly the same individual as a potential invalidity witness within the trial subpoena power of the District of Colorado. The Parties do not provide sufficient evidence to allow to the Court to assess this factor, thus the Court finds that this factor is neutral.

    **4.    All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

The Court finds that this factor is neutral.

**C.    Public Interest Factors**

    **1.    Administrative Difficulties Flowing From Court Congestion**

The Court finds that this factor is neutral.

    **2.    Local Interest in Having Localized Interests Decided at Home**

The Court finds that this factor weighs in favor of transfer.

    **3-4.    Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that these factors are neutral.

## CONCLUSION

Having considered the Parties' briefing and the applicable law, the Court finds that the balance of the evidence presented indicates that the District of Colorado is the more convenient forum. Defendants' Motion (Dkt. No. 15) is hereby **GRANTED**. The Parties deadlines are hereby **STAYED** pending transfer.

**SIGNED this 16th day of April, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE